**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**PATRICIA CLARK CUSWORTH,**

      Plaintiff,

v.                                                                  No. 10-CV-409 MCA/CG

**AMERICAN AIRLINES, INC.,**

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *Defendant's 12(b)(3) Motion To Dismiss For Improper Venue*. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court denies the motion to dismiss but grants Defendant's alternative prayer for transfer of this matter to the United States District Court for the Southern District of Florida.

**I.    BACKGROUND**

Plaintiff, Patricia Clark Cusworth, was employed as an international flight attendant by Defendant, American Airlines. [Doc 12-1 at 2] On July 27, 2007, Defendant suspended Plaintiff without pay after she provided a "Shy Lung" result on a random alcohol breath test. [Id.] Plaintiff alleges that she tried to explain that the reading was not normal because three weeks earlier, she had been diagnosed with an "inflamed chest wall." [Id.] Despite her explanations and a doctor's note, Plaintiff's employment was terminated on August 8, 2007.

[Id.]

On February 26, 2010, Plaintiff filed *Plaintiff's Original Complaint For Discrimination And Retaliation* in the Third Judicial District of the State of New Mexico. [Doc 1-2]  On April 27, 2010, Defendant removed the action to this Court.  [Doc 1]  Also on April 27, 2010, Defendant filed *Defendant's 12(b)(3) Motion To Dismiss For Improper Venue* [Doc 3], contending that because Plaintiff alleged violations of 42 U.S.C. § 2000e ("Title VII"), the Title VII venue provision applied to render the District of New Mexico an improper venue for this cause of action.  Plaintiff filed a response to Defendant's *Motion* on May 14, 2010, and in addition, Plaintiff filed *Plaintiff's Motion For Leave Of Court To File Plaintiff's Amended Complaint* [Doc 5].  By *Order* dated May 18, 2010, Magistrate Judge William P. Lynch informed Plaintiff that leave of the Court was not required for her to file an amended complaint because the time for amendment by right had not yet expired under Fed. R. Civ. P. 15(a)(1)(B).  [Doc 10 at 1]  The *Order* instructs Plaintiff that she "may file her amended complaint immediately."  [Id. at 2]  As of this date, no amended complaint has been filed.

**II.    ANALYSIS**

In its *Motion*, Defendant contends that venue in the District of New Mexico is improper in light of Plaintiff's Title VII allegations.  Generally, proper venue is determined pursuant to 28 U.S.C. § 1391.  Title VII, however, has its own venue provision.  "It has long been settled in this circuit that this provision, rather than the general venue statute, governs venue in Title VII actions."  Pierce v. Shorty Small's of Bransom, Inc., 137 F.3d 1190, 1191

(10th Cir. 1998). Under Title VII, an action may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). The Title VII venue provision applies to complaints that allege violations of Title VII, regardless of whether the complaint includes additional, non-Title VII, claims. See Ford v. Valmac Indust., Inc., 494 F.2d 330 (10th Cir. 1974).

Plaintiff does not appear to dispute that her cause of action fails to establish proper venue in the District of New Mexico under § 2000e-5(f)(3). Instead, Plaintiff states that Defendant's *Motion* is moot because she has eliminated "any cause of action under Title VII." [Doc 7 at 2] Defendant responds and argues that Plaintiff has not actually filed an amended complaint, despite the direction of the May 18, 2010 *Order*. [Doc 12 at 2] Further, Defendant contends that *Plaintiff's Amended Complaint*, which was attached to *Plaintiff's Motion For Leave Of Court To File Plaintiff's Amended Complaint* [Doc 5], still includes Title VII claims. [Doc 12 at 3]

Treating *Plaintiff's Amended Complaint* as though it had been filed, the Court observes that it does continue to assert claims for attorney fees and costs, and it continues to refer to Title VII in heading "B," which refers to "Discrimination and Retaliation Under 42 U.S.C. §§ 1981 and 2000e, *et seq.*" [Doc 12-2 at 3] Despite notice of these remaining

deficiencies and despite the invitation from the Court to amend the original complaint, Plaintiff has failed to file an amended complaint without reference to Title VII. Thus, Plaintiff's claims continue to fall within the Title VII venue provision, and therefore, venue does not lie in this Court.

### III. CONCLUSION

Plaintiff has, despite the opportunity and invitation, failed to amend her complaint to remove reference to any claim under Title VII. Accordingly, pursuant to § 2000e-5(f)(3), venue does not lie in the District of New Mexico.

**IT IS THEREFORE ORDERED** that this matter will be transferred to the United States District Court for the Southern District of Florida, in which district it is undisputed that Plaintiff's employment was based and terminated, her personnel file was maintained, and her supervisor is located. See 42 U.S.C. 2000e-5(f)(3); Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006) (stating that the decision to transfer venue is within the Court's discretion).

**IT IS FURTHER ORDERED** that *Defendant's 12(b)(3) Motion To Dismiss For Improper Venue* [Doc 3] is **DENIED** insofar as the *Motion* requests dismissal and **GRANTED** with respect to Defendant's alternate request for transfer.

**SO ORDERED** this 28th day of June 2010, in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge