UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-22150-CIV-COOKE/TURNOFF

PATRICIA CLARK CUSWORTH,

 Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

 Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL JUDGMENT ON THE PLEADINGS**

THIS MATTER is before me on Defendant's Motion for Partial Judgment on the Pleadings. (ECF No. 47). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons provided below, the Defendant's Motion is granted.

**I. BACKGROUND**

This is an action for employment discrimination and retaliation based on race and age. On July 10, 2007, Defendant American Airlines, Inc. suspended Plaintiff Patricia Clark Cusworth without pay from her job as a flight attendant after she failed to complete a random test for drugs and alcohol. (Compl. ¶ 7). American Airlines subsequently terminated Ms. Cusworth's employment on August 8, 2007. (*Id*.).

The parties agree on the facts concerning the procedural history of this case. On December 18, 2007, Ms. Cusworth filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Ms. Cusworth alleged that American Airlines terminated her because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

1

§ 2000e, and her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623. On around September 29, 2008, the EEOC issued Ms. Cusworth a Notice of a Right to Sue letter. Fifty-eight days later, on November 26, 2008, Ms. Cusworth filed a complaint against American Airlines in the 346th Judicial District Court for El Paso County, Texas. On June 26, 2009, the state court transferred the case to the 342nd Judicial District Court for Tarrant County, Texas. On November 6, 2009, that court dismissed Ms. Cusworth's complaint without prejudice for lack of subject-matter jurisdiction.

On February 26, 2010, Ms. Cusworth filed a complaint in the Third Judicial District for Dona Ana County, New Mexico, alleging wrongful termination based on race and age in violation of 42 U.S.C. § 1981, and discrimination and retaliation based on race and age in violation of Title VII and 42 U.S.C. § 1981. On April 27, 2010, American Airlines removed the case to the United States District Court for the District of New Mexico. (ECF No. 1). On June 28, 2010, the district court transferred the case to this Court. (ECF No. 22). On March 22, 2011, American Airlines filed the present motion, arguing that Ms. Cusworth's Title VII claims should be dismissed as time-barred.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008). A court must accept all facts alleged in the complaint as true and view such facts in the light most favorable to the nonmoving party. *Id*. A motion for judgment on the pleadings can be granted only if the nonmoving party can prove no

set of facts that would allow it to prevail. *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005).

"[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [a court] may consider such a document if that document is central to the plaintiff's claims." *Daewoo Motor Am., Inc. v. Gen. Motors*, 459 F.3d 1249, 1266 n.11 (11th Cir. 2006); *see also Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (explaining that a "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed," *i.e.* "the authenticity of the document is not challenged").

### III. ANALYSIS

Before filing suit under Title VII, a plaintiff must first file a charge of discrimination with the EEOC and then receive a Notice of a Right to Sue the employer named in the charge. 42 U.S.C. § 2000e-5(e)(1)-(f)(1). The plaintiff must file a complaint under Title VII within 90 days of receipt of that notice. *Id*.; *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1315 (11th Cir. 1990). The burden lies with the plaintiff to establish that she filed her complaint within the applicable Title VII statute of limitations period. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002).

American Airlines argues that Ms. Cusworth's Title VII claims are time-barred. Ms. Cusworth asserts that her Title VII claims are timely because: (1) she filed her original action in Texas state court within 90 days; (2) pursuant to New Mexico's savings statute, N.M. Stat. Ann. § 37-1-14 (1978), the New Mexico lawsuit constitutes a continuation of the Texas state action that was dismissed without prejudice; (3) the doctrine of equitable tolling applies to toll the

applicable statute of limitations; and (4) pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, the complaint filed in New Mexico "relates back" to the complaint filed in Texas.

### A. The Complaint Filed in New Mexico is Not a Continuation of the Texas Action

Ms. Cusworth timely filed a discrimination and retaliation action in Texas state court on November 26, 2008, about fifty-eight days after the EEOC issued to her a right-to-sue letter on September 29, 2008.[1] The Texas state court dismissed the action without prejudice on November 6, 2009. Approximately 112 days later, on February 26, 2010, Ms. Cusworth filed a new discrimination and retaliation action against American Airlines in the Third Judicial Circuit Court for Dona Ana County in New Mexico. Absent tolling, the applicable 90-day statute of limitations expired before Ms. Cusworth filed the New Mexico action.

Ms. Cusworth argues that the complaint she filed in New Mexico constitutes a continuation of the suit dismissed without prejudice in Texas. Ms. Cusworth supports her claim by invoking a New Mexico savings statute, which provides:

> If, after the commencement of an action, the plaintiff fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first.

N.M.S. 1978, § 37-1-14 (1880).

Because Congress has provided a federal statute of limitation for Title VII claims, state tolling or savings statutes are inapplicable. *See, e.g.*, *Miller v. Georgia*, 223 F. App'x 842, 845 (11th Cir. 2007) (holding that Georgia renewal statute could not save Title VII complaint filed beyond 90-day statute of limitations); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959,

---

[1] Defendant attached as exhibits to its Motion Ms. Cusworth's EEOC charge and right-to-sue letter. I may consider these documents because they are central to Ms. Cusworth's claim and Ms. Cusworth does not dispute the authenticity of the documents. *Cf. Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010); *Freeman v. City of Riverdale*, No. 06-2230, 2007 WL 1129004, at *6 n.5 (N.G. Ga. Apr. 16, 2007).

961 (10th Cir. 1991) (holding Oklahoma savings statute inapplicable to Title VII action: "When Congress has provided a federal statute of limitation for a federal claim . . . state tolling and saving provisions are not applicable."); *Garrison v. Int'l Paper Co.,* 714 F.2d 757, 759 n.2 (8th Cir. 1983) ("Because Title VII actions are governed by a federal statute of limitations, the Arkansas saving clause is inapplicable."); *Sampson v. AT&T Corp.*, 11 F. Supp. 2d 1380, 1381-82 (N.D. Ga. 1998). The New Mexico savings clause is inapplicable here; Ms. Cusworth cannot invoke it to save her untimely Title VII claims.

### B. The Doctrine of Equitable Tolling is Inapplicable

It is well settled that the filing of a complaint that is later dismissed without prejudice does not automatically toll the limitations period for a future complaint. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004); *see also Stein v. Reynolds Secs., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) ("The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations."). Nonetheless, a court may equitably toll a statute of limitations period where the plaintiff satisfies his burden of establishing that such remedy is warranted. *Id*.

"Equitable tolling is an extraordinary remedy which should be extended only sparingly." *Id.*; *see Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The remedy "is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence." *Bost*, 372 F.3d at 1242; *see Irwin*, 498 U.S. at 96. "Courts, acting in their equitable capacity, will toll statutes of limitations, but only upon finding an inequitable event that prevented plaintiff's timely action." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (internal quotation marks omitted).

5

The circumstances of this case do not justify equitable tolling. I do not find that Ms. Cusworth pursued her present Title VII claims promptly or acted with due diligence. Ms. Cusworth waited 112 days after her Texas action was dismissed without prejudice before re-filing in New Mexico. Ms. Cusworth has not identified any inequitable events that prevented her untimely action. Moreover, Ms. Cusworth appears to have been represented by counsel in each of her suits. Given the procedural posture of this case, I do not find equitable tolling is warranted.

### C. Federal Rule of Civil Procedure 15(c) Does Not Apply

Finally, Ms. Cusworth argues that, pursuant to Rule 15(c), her complaint in this action should "relate back" to the original complaint she filed in Texas state court. Rule 15(c) applies to amendments to pleadings within the same action. "[I]t is well established that a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." *Hunsinger v. Leehi Int'l*, No. 08-14315, 2010 WL 2573948, at *3 (S.D. Fla. Jun. 24, 2010) (citing *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994)). The complaint Ms. Cusworth filed in New Mexico began a new civil action, and is not an amendment to the pleadings filed in Texas. Rule 15(c) is inapplicable here because Plaintiff has no existing complaint pending before this Court to which the instant complaint could relate back. See *id*.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 47) is **GRANTED**. Plaintiff's claims under Title VII are **DISMISSED** with prejudice.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29th day of July 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*